Heather Kryzak
Vrapi Weeks P.A.
5931 Jefferson St. NE
Suite A
Albuquerque, NM 87109
(505) 352-6660
heather@vrapiweeks.com
Attorney for Plaintiffs[1]

Mike Keller
Mike Keller Immigration Law, PLLC
515-255-5616
6611 University Ave., Suite 200
Windsor Heights, IA  50324
Mike@mikekellerlaw.com

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| BASHAR KHALID MUSTAFA RAMADAN<br><br>Plaintiff,<br>v.<br><br>ANTONY J. BLINKEN, U.S. Secretary of State; U.S. DEPARTMENT OF STATE, an Agency of the United States; UR MENDOZA JADDOU,  Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; MERRICK GARLAND, U.S. Attorney General; CHRISTOPHER A. WRAY, Director of FBI; FEDERAL BUREAU OF INVESTIGATIONS, an Agency of the United States; in their official capacity,<br><br>Defendants. | Case No.: 22-cv-00010<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT** |

---

[1] Application for admission *pro hac vice* to be filed shortly.

1

## INTRODUCTION

1. Plaintiff, Dr. Bashar Ramadan, is a highly qualified and published M.D. from Jordan who has a U.S. citizen wife and daughter. Plaintiff entered the U.S. on a J-1 visa to pursue medical education and training and has since completed his medical program.

2. Plaintiff applied for a waiver of the two-year home country requirement of the J-1 due to the exceptional hardship it would cause his U.S. citizen wife and daughter if he were forced to return to Jordan. If approved, the hardship waiver would allow him to apply for lawful permanent residence based on his marriage. Plaintiff also applied for and was granted a waiver under the Conrad 30 program. The Conrad 30 program has strict requirements as to where Plaintiff is allowed to work and requires him to wait an additional three years before applying for lawful permanent residence.

3. Defendants are now refusing to adjudicate Plaintiff's hardship waiver because he has a waiver approved under a separate ground, contrary to statute and regulations requiring adjudication of his application. Upon information and belief, Defendants have a policy of closing waiver applications without adjudication when a waiver has been approved under a different ground. In the context of Conrad 30 waivers such as the one Plaintiff received, this can become highly problematic if for example due to illness, disability, or other matters outside of their control, the applicant is unable to complete the strict requirements of the program.

4. Plaintiff respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's J-1 hardship waiver without further delay.

5. Plaintiff's hardship waiver application remains within the jurisdiction of Defendants, who have improperly withheld action on the application, limiting Plaintiff's ability to apply for lawful permanent residence which in turn limits his ability to use his clinical knowledge and skills and leaves his life and future in limbo.

## JURISDICTION AND VENUE

6. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

7. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires the Department of State to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). Department of State is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

8. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with

this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff's unreasonably delayed applications, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. *See also Iddir v. INS.*, 301 F.3d 492, 497 (7th Cir.2002) (concluding that the use of the term "decision or action" in § 1252(a)(2)(B) "only bars review of actual discretionary decisions to grant or deny relief under the enumerated sections.").

9. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed immigration application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for Adjustment of Status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld

final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of properly filed immigration applications, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

10. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by Defendants in the adjudication of immigration applications including J-1 waivers. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). 22 C.F.R. § 41.63(b)(2)(i) provides that "If the Secretary of Homeland Security (Secretary of DHS) determines that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the exchange visitor… the Secretary of DHS *shall* transmit a copy of his determination together with a summary of the details of the expected hardship or persecution, to the Waiver Review Division, in the Department of State's Bureau of Consular Affairs." (Emphasis added). 22 C.F.R. § 41.63(b)(7) further provides "[a]t the conclusion of its review of the case, the Board *shall* make a written recommendation either to grant or to deny the waiver application." (Emphasis added).

11. The language in the above cited statutes and regulations is mandatory, not

discretionary, and the Defendants have a clear duty to adjudicate the applications pending before them.

12. As set forth below, the delay in processing the Plaintiff's properly filed application is unreasonable.

13. Venue is proper in the Southern District of Iowa pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – adjudication of the J-1 hardship waiver for which he has applied. Defendants have unreasonably failed to adjudicate Plaintiff's application. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of Defendants to adjudicate his hardship waiver. Plaintiff has made numerous inquiries with Defendants, but adjudication has yet to be completed and his case has been closed without issuance of a decision as required by law.

## PARTIES

15. Plaintiff is a citizen of Jordan. He is a physician and published researcher who entered the U.S. on a J-1 visa to pursue medical education and training.

16. Defendant Antony J. Blinken is the Secretary of State, and as such is responsible for the nation's foreign policy and international relations. The Department of State is in charge of adjudication of one step in the process of adjudicating J-1 waiver applications such as Plaintiff's. He is sued in his official capacity only.

17. United States Department of State is an agency of the United States in charge of issuing recommendations on J-1 waiver applications such as Plaintiff's and ultimately approving the waiver upon a recommendation from the Department of State.

18. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

19. Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

20. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for immigration benefits such as Plaintiff's.

21. Defendant Merrick Garland is the Attorney General of the United States. He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for immigration benefits. He is sued in his official capacity only.

22. Defendant Christopher Wray is the Director of the FBI. He is the head of the agency in charge of conducting background checks for applicants for immigration benefits. He is sued in his official capacity only.

23. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

24. Defendants are in charge of the processing and adjudication of applications and related background checks for J-1 Waivers. All Defendants are sued in their official capacity.

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

25. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

J-1 Visa Waivers:

26. Some J-1 exchange visitors are subject to a two-year home-country physical presence requirement after the completion of their J-1. 8 U.S.C. § 1101(a)(15)(J). This requirement can be waived by the Attorney General according to the provisions found in 8 U.S.C. § 1182(e).

27. Nowhere in the statute listing restrictions on the J-1 waiver process does it restrict or prevent the adjudication of multiple waiver applications. *See* 8 U.S.C. § 1184(l).

Conrad 30 Waiver Program:

28. The Conrad 30 Waiver addresses the shortage of qualified U.S. doctors in medically underserved areas of the U.S. and allows J-1 medical graduates to apply for a waiver of the home country residency requirement.

29. In order to receive this waiver, the foreign medical graduate must have a bona fide offer of full-time employment at a health facility or health care organization determined by the Attorney General to be in the public interest; must begin employment within 90 days of

receiving such waiver; and agrees to continue to work for a total of not less than three years (unless the Attorney General determines that extenuating circumstances exist). 8 U.S.C. § 1184(l). Applicants with an approved Conrad waiver cannot apply to become lawful permanent residents until they have completed their three-year commitment to a medically underserved area.

Hardship Waiver:

30. J-1 hardship waivers require a showing that the applicant's U.S. citizen or lawful permanent resident spouse or child would face exceptional hardship if the applicant were forced to comply with the two-year home country requirement. 22 C.F.R. § 41.63(b).

31. 22 C.F.R. § 41.63(b)(2)(i) provides that "If the Secretary of Homeland Security (Secretary of DHS) determines that compliance with the two-year home-country residence and physical presence requirement would impose exceptional hardship upon the spouse or child of the exchange visitor… the Secretary of DHS *shall* transmit a copy of his determination together with a summary of the details of the expected hardship or persecution, to the Waiver Review Division, in the Department of State's Bureau of Consular Affairs." (Emphasis added).

32. After review of the case, the Board of the Waiver Review Division is required by law to make a written recommendation to either grant or deny the waiver application. *See* 22 C.F.R. § 41.63(b)(7) ("the Board *shall* make a written recommendation either to grant or to deny the waiver application.") (Emphasis added).

33. Upon information and belief, Defendant DOS has a policy of refusing to adjudicate a waiver if they have already adjudicated a waiver under a different ground. This policy is contrary to the regulations found at 22 C.F.R. § 41.63 which require adjudication and issuance of a written recommendation to either grant or deny the application.

**FACTUAL AND PROCEDURAL BACKGROUND**

34. On or about June 6, 2019, Plaintiff entered the U.S. on a J-1 visa to pursue further medical training and higher education. As a J-1 recipient pursuing graduate level medical education or training, Plaintiff was subject to the two-year home country requirement.

35. Plaintiff married his U.S. citizen spouse on January 1, 2021. The couple has a minor U.S. citizen daughter.

36. On or about June 21, 2021, Plaintiff filed Form I-612 with Defendant USCIS requesting a waiver of the two-year home country requirement due to exceptional hardship to his U.S. citizen spouse and child.

37. Defendant USCIS made a finding of exceptional hardship in Plaintiff's case and recommended the waiver for approval. Defendant DOS received the recommendation from USCIS on or about November 19, 2021. Defendant DOS has yet to make a recommendation on Plaintiff's hardship waiver.

38. On or about October 18, 2021, Plaintiff filed an application for waiver under the Conrad 30 program. This waiver was approved, and Plaintiff has begun his three years of medical service in a medically underserved area.

39. On or about July 5, 2022, Plaintiff's attorney received an email from Defendant DOS stating that they have closed his hardship waiver without adjudication.

40. Plaintiff's hardship waiver application remains with Defendant DOS, who has refused to adjudicate the application or issue a recommendation and closed the case without a final decision. Upon information and belief, Defendant DOS has a policy of closing J-1 waiver applications without issuing the required recommendation when a J-1 waiver has been approved under a separate ground.

41. Without adjudication of the hardship waiver application, Plaintiff's life, future, and career are in limbo. He is unable to apply for lawful permanent residence based on his marriage to a U.S. citizen. His lack of permanent status makes it difficult for him to advocate for himself to his employer, travel freely outside of the country, pursue additional employment opportunities, even opportunities with his current employer, and obtain mortgages.

42. Plaintiff is suffering substantial harm from Defendants refusal to adjudicate his hardship waiver application.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

43. The allegations contained in paragraphs 1 through 42 above are repeated and re-alleged as though fully set forth herein.

44. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

45. Defendants in this case have failed to adjudicate Plaintiff's waiver application. This failure to act is against the law, has caused, and continues to cause harm to Plaintiff. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the Administrative Procedures Act is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

46. The allegations contained in paragraphs 1 through 42 above are repeated and re-alleged as though fully set forth herein.

47. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency inaction. 5 U.S.C. & 702. Plaintiff is aggrieved by agency inaction for which there is no other adequate remedy in court. 5 U.S.C. § 704.

48. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2). The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

49. The allegations contained in paragraphs 1 through 42 above are repeated and re-alleged as though fully set forth herein.

50. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs. Defendants have failed to adjudicate the waiver application when all requirements have been complied with.

51. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)). The Plaintiff clearly meets all three of these criteria.

52. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking a hardship waiver, including submission of all necessary forms and supporting documents. Indeed, the other agency involved in the process, USCIS, has already issued a finding of exceptional hardship in the case.

53. Defendants have unreasonably failed to adjudicate the Plaintiff's application for a J-1 hardship waiver, thereby depriving Plaintiff of his rights. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

54. The Defendants owe the Plaintiff a duty to adjudicate Plaintiff's application, pursuant to law, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

55. The Plaintiff has no alternative means to obtain adjudication of his waiver application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

56. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in

making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than one year since he filed his hardship waiver application. This is an unacceptable and unreasonable delay.

57. Plaintiff is entitled to action on his long-pending application because an unreasonable amount of time has passed since his application was filed and Defendants have closed his application and refused to complete adjudication. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

58. Defendants' inaction is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A. Assume jurisdiction over the matter;

B. Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the hardship waiver application and any related background checks is unlawful and contrary to law.

C. Order Defendants and those working under them to immediately adjudicate the pending application for a J-1 hardship waiver.

   D. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

   E. Grant any and all further relief this Court deems just and proper.

Dated this 25th day of July 2022.

/s/ Heather Kryzak

Heather Kryzak
Attorney for Plaintiffs (Application for admission *pro hac vice* to be filed)
Noble Vrapi
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
heather@noblevrapi.com

/s/ Mike Keller

Mike Keller
Mike Keller Immigration Law, PLLC
515-255-5616
6611 University Ave., Suite 200
Windsor Heights, IA 50324
Mike@mikekellerlaw.com